MARBLEY, District Judge,
dissenting.
I dissent because the inmates’ injuries were not “work related,” barring recovery under the Inmate Accident Compensation Act but permitting the inmates to sue in tort. Section 4126’s implementing regulations define a work related injury as “any injury ... proximately caused by the actual performance of an inmate’s work assignment.” 28 C.F.R. § 301.302 (emphasis added). More importantly, the regulations set forth a “coming and going” rule:
compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area).
28 C.F.R. § 301.301(c) (emphasis added). The inmates were injured on their lunch break when their bus, operated by the Bureau of Prisons, crashed into a tree. At the time of the accident, the BOP bus was transporting them from their dormitory to an adjacent work site where they were assigned to mow the lawn. Notably, the regulations prohibit recovery under the Act in the very scenario before us today— where inmates sustain an injury outside of the work area while they were coming back from lunch. The language could not be more explicit.
The majority disagrees on two grounds. First, they contend that the bus is a “work location” because it was operated by the inmates’ employer and their assignment included travel to the work site. (Maj. Op. 336). But as the majority concedes, the BOP is the exclusive provider of inmate transportation for both work and non-work related events. So the fact that the inmates were injured while riding their employer’s bus is of little relevance to a determination of whether the bus constitutes *337 a “work location.” And while the Inmate Accident Compensation Act is modeled after other workers’ compensation laws which carve out an exception to the coming and going rule where the assignment requires travel between different work sites, that exception does not apply here. Plaintiffs’ work required travel — obviously, getting to the grass is a sine qua non of mowing the lawn — but their assignments did not require travel between work locations. It was not therefore an integral aspect of their landscaping duties and this narrow exception does not apply. Which leads to the second argument.
The majority hangs its hat on the fact that the inmates were being paid at the time of the accident. But of course the inmates were being paid — they were on their lunch break. Almost all employees are paid during their lunch break irrespective of whether they leave the work area. I would at the very least remand the case to determine whether the inmates would have been paid during the lunch hour regardless of whether they rode the BOP bus. Ultimately, the regulations expressly preclude recovery for injuries sustained while an inmate is “going to or coming from lunch outside of the work station or area.” 28 C.F.R. § 301.301(c)(4). In this case, the inmates were injured coming back from lunch outside of the work area. The regulations could not be more explicit. The inmates are not entitled to recover under the Inmate Accident Compensation Act but they are entitled to sue in tort.